

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 19, 1967

Honorable Sam Devall
County Attorney, Lavaca County
P. O. Box 273
Hallettsville, Texas

Opinion No. M-10

Re: Legality of taking
fish using only the
hands to do so.

Dear Mr. Devall:

You have requested our opinion as to whether Article 927, Vernon's Penal Code, prohibits the taking of fish using only the hands to do so.

You refer particularly to the practice of "under-bank" fishing for large catfish in the Lavaca and Navidad Rivers and some of their tributary streams and point out that considerable numbers of yellow catfish are taken from under the banks of these rivers and streams using only the hands for this purpose.

Article 927 provides:

"Except the ordinary hook and line or trot line, or a set or drag net or seine, the meshes of which shall be three or more inches square, or a minnow seine not more than twenty feet long used for catching bait, no person shall place in any fresh water river, creek, lake, bayou, pool, lagoon or tank, in this State, any net, trap or other device for catching fish, or take or catch any fish from said waters with any net, seine, device, or hook and line or trot line, other than as permitted herein. Whoever violates any provision of this article shall be fined not less than twenty-five nor more than one hundred dollars." (Emphasis added.)

- 30 -

Only if human hands are a "device" as the term is used in the statute is their use in taking fish prohibited.

The doctrine of ejusdem generis is decisive of the question before us. This doctrine, which is a prime rule of statutory construction, imports that general words following an enumeration of particular or specific things will be confined to things of the same kind and class as those enumerated. 53 Tex.Jur.2d 221. Statutes, Sec. 155: Farmers' & Mechanics' Nat. Bank v. Hanks, 104 Tex. 320, 137 S.W. 1120 (1911); Stanford v. Butler, 142 Tex. 692, 181 S.W.2d 269 (1944). Human hands are not a "device" of the same kind and class as a net, trap or seine.

While the Texas appellate courts have not construed Article 927 in this respect, the Supreme Court of Michigan in In re Yell, 65 N.W. 97 (1895), in construing a similar Michigan statute, said:

> "Section 2 reads that it shall not be lawful for any person or persons to set, place or use any pound, trap, stake, gill, or set nets or seines, or any device of any kind, for taking fish in any of the tributaries of the Saginaw river. It is contended that the title gives no intimation of a purpose to entirely prohibit fishing in the tributaries of the Saginaw. We need not consider whether, if section 2 were to be construed as an entire prohibition of fishing, it would be within the title of the act, as it is our view that it was not intended by this section to prohibit fishing with hook and line. The term 'device' may be broad enough to cover hook and line, but when read in connection with the other words of the section it must be construed to mean a device of a like kind." (Emphasis added.)

Since the Michigan Supreme Court had little difficulty in holding a hook and line not to be a device of like kind with pounds, traps, stakes, gills, nets and seines, it seems clear that the Texas courts would have even less difficulty in holding human hands not to be a device of like kind with those devices the use of which is prohibited by the Texas statute.

In our opinion, Article 927 does not prohibit the taking of fish using only the hands to do so. This opinion is limited to the construction of Article 927, as we have not considered local and special laws, which govern fishing in specified

Honorable Sam Devall, page 3 (M-10)

counties or areas, as none of these relate to Lavaca County.

## SUMMARY

Article 927, Vernon's Penal Code,
does not prohibit the taking of
fish using only the hands to do so.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

NW:ms

Prepared by Neil Williams
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Thomas Mack
Pat Bailey
John Reeves
W. O. Shultz

Staff Legal Assistant
A. J. Carubbi, Jr.